UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RSUI INDEMNITY COMPANY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UNITED STATES ex rel. MICHAEL § <br> ANDREW HARRINGTON, ART § <br> INSTITUTES INTERNATIONAL, LLC; § <br> ART INSTITUTES OF HOUSTON, LLC dba § <br> DC ART INSTITUTE OF HOUSTON, § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff RSUI Indemnity Company ("RSUI") files its Original Complaint and respectfully shows:

**THE PARTIES**

1.      Plaintiff RSUI is an insurer corporation organized under the laws of the State of New Hampshire and having its principal place of business in Georgia. RSUI is a citizen of New Hampshire and Georgia.

2.      Defendant United States ex rel. Michael Andrew Harrington ("Harrington") is an individual residing in and is a citizen of Connecticut. Harrington may be served with summons at 279 Linwood Street, New Britain, Connecticut or wherever he may be found.

3.      Defendant The Art[s] Institutes International LLC ("Aii") is a limited liability company organized under the State of Arizona and, upon information and belief, has its principal place of business in Arizona or Pennsylvania. Based upon information and belief, the members of

Aii are not citizens of the State of New Hampshire or Georgia, but are citizens of California, Pennsylvania, New York, and New Jersey. Accordingly, Aii is a citizen of Arizona, Pennsylvania, California, New York, and New Jersey. Aii may be served through its registered agent Corporation Service Company 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

4. Art Institutes of Houston, LLC dba DC Art Institute of Houston ("Ai Houston") is a limited liability company organized under the laws of the State of Arizona and, upon information and belief, has its principal place of business in Arizona or Houston, Texas. Based upon information and belief, the members of Aii Houston are not citizens of the State of New Hampshire or Georgia but are individuals who are citizens of California and Arizona. Accordingly, Ai Houston is a citizen of Arizona, Texas, and California. Ai Houston may be served with summons through its registered agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION

5. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

## VENUE

7. Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C.§ 1391. RSUI issued a liability policy covering Aii Houston, a party to the events complained of in the related and currently pending lawsuit styled *United States ex rel. Michael*

*Andrew Harrington v. The Arts Institutes International, LLC, Art Institute of Houston, LLC dba DC Art Institute of Houston*, No. 4:20-cv-02445, in the United States District Court for the Southern District of Texas, Houston Division (the "Underlying Lawsuit"), which has its principal place of business in Houston, Texas.

## BACKGROUND

8. This declaratory judgment action is brought by RSUI to determine its rights and obligations under a management liability policy issued by RSUI to Aii in connection with the Underlying Lawsuit filed against Aii and Ai Houston by United States ex rel. Michael Andrew Harrington ("Harrington") as potential judgment creditors/third party beneficiaries of the RSUI policy at issue.

9. The live complaint in the Underlying Lawsuit is Plaintiff's First Amended Complaint Qui Tam Action Pursuant to False Claims Act. In that complaint, Harrington sues Aii and Ai Houston for alleged violations of 31 USC § 3729(a)(1) of the False Claims Act, for alleged retaliatory discharge under the False Claims Act, and for his alleged failure to commit a criminal act under Texas law.

10. Generally, Harrington asserts that shortly after he was employed by Ai Houston, he was tasked with contacting 150 students on an Excel spreadsheet to ensure that they were enrolled or intended to enroll. While undertaking this task, he allegedly discovered Ai Houston's purported wrongdoing in which it knowingly retained Title IV student loan funds to which it was not entitled. Harrington purportedly reported his suspicions to his supervisor, who failed to take Harrington's allegations seriously and indicated that Harrington's suspicions were incorrect. Harrington contends that he continued looking into his suspicions but was later terminated under false pretenses in retaliation for having raised the False Claims Act issues with his supervisor.

11. Harrington sues on behalf of the United States, which declined to join in the Underlying Lawsuit. Harrington contends that Aii and/or Ai Houston knowingly caused and presented to the United States government false and fraudulent claims for payment or approval of Title IV student loan funds for students that never enrolled but were coerced into signing a promissory note, entrance counseling, and a FAFSA (required for United States government assistance with student school loans). The United States, allegedly unaware of the falsity of the claims, paid claims that it otherwise would not have paid had Aii and Ai Houston not presented the purported false or fraudulent claims.

12. Based upon the allegations, Harrington seeks damages in an amount up to three times the amount of damages the United States has sustained as a result of Aii's and Ai Houston's actions, a civil penalty against for each of Ai and Ai Houston's individual violations of the False Claims Act, and the maximum amount that can be awarded under 31 U.S.C. § 3730(d).

13. With respect to his retaliatory discharge claims, Harrington seeks two times the amount of back pay and interest, equitable relief, including but not limited to front pay and mental anguish, and special damages.

14. Following the tender of the lawsuit to RSUI, Aii and Ai Houston undertook the payment of their defense in the Underlying Lawsuit (with counsel retained by RSUI) pursuant to the terms of the retention in the policy issued by RSUI as enumerated more specifically below.

15. In October 2023, Ai and Ai Houston informed RSUI that Aii and Ai Houston were insolvent and could no longer fund their defense in the Underlying Lawsuit as required under the policy's retention. By November 2023, RSUI was informed that Aii and Ai Houston would be closing all of their locations and dissolving their business in November and would have no

employees. Thereafter, defense counsel filed a motion to withdraw from representing Aii and Ai Houston.

16. These events culminated in RSUI informing Aii and Ai Houston that RSUI would pay for their defense subject to a reservation of rights regarding the breach of the condition precedent for not satisfying the retention and the right to seek reimbursement for the amounts incurred by RSUI in paying the defense.

## THE RSUI POLICY

17. RSUI issued Management Liability Policy No. PP685269 to The Arts Institutes International LLC for the policy period 1/7/2020 to 1/7/2021 (the "Policy") under which Ai Houston was also an insured. The Policy includes separate coverages for Directors and Officers Liability Insurance (the "D&O Coverage") and Employment Practices Liability Insurance (the "EPL Coverage"). The Policy provides a coverage limit for each separate coverage of $3,000,000 and an aggregate limit of liability for all coverages in the amount of $3,000,000. Each coverage includes a separate retention of $250,000.

18. The D&O insuring agreement provides in relevant part:

**SECTION I. - INSURING AGREEMENTS**
**Directors and Officers Liability**

**C.** With the **Insured Organization,** that if a **Claim** for a **Wrongful Act** is first made against the **Insured Organization** during the **Policy Period** and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance in the Common Policy Terms and Conditions of this policy, the **Insurer** will pay on behalf of the **Insured Organization** all **Loss** the **Insured Organization** is legally obligated to pay.

19. The D&O coverage defines the following relevant terms:

**SECTION III. - DEFINITIONS**

\*\*\*

    **E.**    **Loss** means damages, settlements, judgments (including pre- and post- judgment interest on a covered judgment) and **Defense Expenses** . . . .[1]

***

    **G.**    **Wrongful Act** means any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty . . . by [2] the **Insured Organization**.

20.    The D&O Coverage includes the following relevant condition:

**SECTION V. – CONDITIONS**

    **A.**    **Bankruptcy and Priority of Payments**

    The bankruptcy or insolvency of the **Insured Organization** or any **Subsidiary** shall not relieve the **Insurer** of any of its obligations hereunder. . . .

21.    The EPL Coverage insuring agreement provides in relevant part:

**SECTION I. - INSURING AGREEMENTS**

    **A.**    **Employment Practices Liability**

    The **Insurer** shall pay **Loss** up to the Limit of Liability applicable to this **Coverage Section** on behalf of the **Insured** in connection with any **Employment Practices Claim** first made against any **Insured** during the **Policy Period** and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance in the Common Policy Terms and Conditions of this policy.

22.    The EPL coverage defines the following relevant terms:

**SECTION III. - DEFINITIONS**

***

    **D.**    **Employment Practices Wrongful Act** means any actual or alleged:

        **1.**    Wrongful dismissal, discharge or termination (either actual or constructive) of employment, including breach of an implied employment contract;

---

[1] **Loss** does not include "civil or criminal fines or penalties." **Loss** includes the "multiplied portion of any multiplied damage award, if and where insurable" by the law of the jurisdiction applicable to such **Claim**.

**PLAINTIFF'S ORIGINAL COMPLAINT—Page 6**

\*\*\*

4. Employment-related retaliation;

G. **Loss** means damages (including back pay and front pay), settlements, judgments (including pre- and postjudgment interest on a covered judgment) and **Defense Expenses**. . . .

23. The D&O Coverage and the EPL Coverage are subject to the following Common Policy Terms and Conditions Coverage Section:

**SECTION I.-COMMON POLICY TERMS AND CONDITIONS**

The Common Policy Terms and Conditions Section of this policy shall apply to all **Coverage Sections . . .** If any provision in the Common Policy Terms and Conditions sections is inconsistent or in conflict with the terms and conditions in any **Coverage Section**, including any endorsements attached thereto, the terms and conditions of such **Coverage Section** or endorsement, shall supersede for the purposes of that **Coverage Section.**

\*\*\*

**SECTION V.-CONDITIONS**

B. **Limit of Liability; Retention; Payment of Loss**

1. **Aggregate Limit of Liability**

   **[D]efense Expenses** shall be part of and not in addition to the **Limit of Liability** and payment of **Defense Expenses** by the **Insurer** will reduce the **Limit of Liability.**

\*\*\*

3. As a condition precedent to coverage under this policy, the **Insured** shall pay with respect to each **Claim** the applicable Retention amount, as identified in Item 3. of the Declarations Page for each applicable **Coverage Section** or as otherwise identified. The Retention amount shall be reduced solely by covered **Loss** and shall be applied to all **Loss,** including **Defense Expenses,** and the **Insurer** shall only be liable for the amount of **Loss** that is excess of the stated Retention amount.

\*\*\*

> **5.** In the event that a **Claim** implicates more than one Retention amount, then the largest of the applicable Retention amounts shall be applied, but in no event shall more than one Retention amount be applied to a **Claim.**

24. The Policy also includes an endorsement entitled Coverage Extension—Educational Institution providing the following provision:

> **4. Government Funding Defense Expense Coverage**
>
> **Loss** shall not include the return of funds which were received from any federal, state or local governmental agency; provided, however, that with respect to any **Claim** arising out of, in whole or in part, the return or request to return, such funds ("**Government Funding Claim"),** regardless of whether such **Government Funding Claim** is asserted in conjunction with other types of **Claims,** there shall apply a Retention amount of $1,000,000 and the **Insurer** shall pay **Defense Expenses,** up to a maximum aggregate of $1,000,000 incurred by the **Insured** on a fifty percent (50%) coinsurance basis, with fifty percent (50%) of such **Defense Expenses** to be borne by the **Insured** and to remain uninsured; and the remaining fifty percent (50%) of such **Defense Expenses** to be covered by the **Insurer** subject to all other terms, conditions and exclusions of this policy. The Retention applicable per this endorsement shall take precedence over any other retention referenced in the Policy where a **Government Funding Claim** is asserted against any **Insured,** and the $1,000,000 co-insured sublimit of liability referenced in this endorsement shall be one sublimit only, regardless of the number of Coverage Sections purchased by any or all **Insureds,** and shall be part of and not in addition to the Policy's maximum aggregate Limit of Liability.

## DECLARATORY RELIEF SOUGHT

25. As indicated, RSUI is currently paying for Aii and Ai Houston's **Defense Expenses** subject to a reservation of rights in the Underlying Lawsuit. RSUI seeks a judicial declaration that it has no obligation to defend Aii or Ai Houston and no duty to indemnify Aii or Ai Houston for any judgment rendered or settlement reached in the Underlying Lawsuit.

26. Under the specific terms of the Government Funding Defense Expense Coverage (the "Government Funding Provision"), **Loss** does not include the return of funds which were received from any federal, state or local governmental agency, referred to as a **Government Funding Claim**. Harrington asserts **Government Funding Claims** against Aii and Ai Houston. Accordingly, the $1,000,000 retention in the Government Funding Provision applies and supersedes the $250,000 retentions applicable to the D&O Coverage and the EPL Coverage. RSUI seeks a declaration that it has no duty to defend Aii or Ai Houston because the $1,000,000 retention has not been satisfied.

27. RSUI also seeks a declaration that it owes no indemnify Aii or Ai Houston for the qui tam claims as they are **Government Funding Claims** under the terms of the Government Funding Provision. RSUI's obligation under the Government Funding Provision is limited to RSUI sharing **Defense Expenses** with Aii and Ai Houston on a 50/50 basis up to a maximum aggregate of $1,000,000 in **Defense Expenses** *in excess of* the $1,000,000 retention.

28. Based upon the Government Funding Provision and Aii's and Ai Houston's failure to comply with the payment of the $1,000,000 required retention, RSUI is entitled to a declaration that it has no duty to defend and no duty to indemnify Aii and Ai Houston for any judgment rendered or settlement reached for violations of the False Claims Act.

29.     Should a judgment be rendered or settlement be reached with regard to any **Claim** under the EPL Coverage for Harrington's alleged retaliatory discharge, RSUI is entitled to a declaration that it has no duty to defend or indemnify Aii and Ai Houston for retaliatory discharge damages for their failure to fund the Government Funding Provision's $1,000,000 retention. Alternatively, with respect to the duty to indemnify Aii and Ai Houston for any damages awarded for Harrington's retaliatory discharge claim, RSUI is entitled to an offset amounting to the difference between the $1,000,000 retention and the amount previously paid by Aii and/or Ai Houston to defend the Underlying Lawsuit.

## BREACH OF CONTRACT

30.     The Policy is a binding and enforceable contract between RSUI and Aii and Ai Houston. The Government Funding Provision in the Policy requires Aii and Ai Houston to fund the $1,000,000 retention of **Defense Expenses** in connection with the **Government Funding Claims** in addition to the retaliatory discharge **Claim** under the EPL Coverage since the $1,000,000 retention supersedes the EPL Coverage's $250,000 retention. Aii and Ai Houston have refused to continue to pay their **Defense Expenses** in the Underlying Lawsuit in November 2023, breaching the terms of the Policy. As a result, to prevent the entry of a post-answer default judgment in the Underlying Lawsuit trial RSUI agreed to pay the **Defense Expenses** of Aii and Ai Houston.

31.     RSUI informed Aii and Ai Houston by November 17, 2023 letter of RSUI's intent to pay their **Defense Expenses** subject to a reservation of rights to seek reimbursement of the amounts incurred.

32.     RSUI is entitled to recovery of the **Defense Expenses** incurred and paid on behalf of Aii and Ai Houston in the Underlying Lawsuit as a result of Ai's and Ai Houston's breach of

the Policy. RSUI is further entitled to recover its reasonable and necessary attorneys' fees and expenses incurred to recover these amounts from Ai and Ai Houston under the terms of the Policy under Texas Civil Practice and Remedies Code § 38.001(8).

## PRAYER

THEREFORE, RSUI prays that the Court enter a judgment declaring that it has no duty to defend and indemnify Aii and Ai Houston in the Underlying Lawsuit because Aii and Ai Houston have failed to comply with the condition precedent under the Policy by their failure and refusal to pay their **Defense Expenses** under the terms of the Government Funding Provision for any **Claims** for violations of the False Claims Act.

RSUI further requests judgment for a breach of contract against Aii and Ai Houston for their failure and refusal to pay their **Defense Expenses** as a condition precedent under the Government Funding Provision under the Policy entitling it to:

a. reimbursement of all **Defense Expenses** paid by RSUI on behalf of Ai and Ai Houston in the Underlying Lawsuit; and

b. RSUI's reasonable and necessary attorneys' fees and expenses incurred on its behalf to recover for Ai's and Ai Houston's breach of contract.

RSUI further requests judgment for all further relief at law or in equity to which it may show itself entitled at law or in equity.

Respectfully submitted,

*/s/ J. Richard Harmon*

---

    J. Richard (Rick) Harmon
    State Bar No.  09020700
    Southern District Bar No. 18253
    Jo Allison (Jody) Stasney
    State Bar No. 19080280
    Southern District Bar. No. 19227

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  214-871-8200
Telecopy:  214-871-8209

COUNSEL FOR RSUI INDEMNITY COMPANY